# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4807 | **DATE** | 3/15/2004 |
| **CASE TITLE** | Johnson vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying the petitioner's petition to correct, vacate, or set aside his sentence. Judgment is, therefore, entered in favor of defendant and against the petitioner. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 2 number of notices | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | 3/16/04 date docketed | 15 |
| | Notified counsel by telephone. | | | docketing deputy initials | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | | 3/15/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | | | |
| MPJ | courtroom deputy's initials | | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JESSE JOHNSON, )
                 )
      Petitioner, )
                 )
v. ) No. 03 C 4807
                 )
UNITED STATES OF AMERICA, )
                 )
      Respondent. )

DOCKETED MAR 1 6 2004

## MEMORANDUM OPINION AND ORDER

On May 31, 2000, Jesse Johnson pleaded not guilty to a three-count indictment. Count I alleged intent to distribute 544 grams of cocaine and 164 grams of a mixture containing crack cocaine, in violation of 21 U.S.C. § 841(a)(1); Count II alleged possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); Count III alleged possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After a number of unsuccessful attempts to quash evidence, Mr. Johnson entered into a plea agreement on March 30, 2001, and changed his plea to guilty to Count I of the indictment. Counts II and III were dismissed. On September 7, 2001, Mr. Johnson was sentenced to 188 months incarceration. That sentence was affirmed by the Seventh Circuit on May 14, 2002. On July 11, 2003, Mr. Johnson filed this petition to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. I DENY Mr. Johnson's petition.

Mr. Johnson argues that his sentence should be set aside because of the ineffective assistance of his trial counsel, Michael B. Cohen. Specifically, Mr. Johnson states that Mr. Cohen informed him that the type and quantity of drugs he was alleged to possess were not elements of his offense that the government would have to prove beyond a reasonable doubt. He further states that Mr. Cohen did not tell him that the sentence of 12 months of supervision Mr. Johnson received as a result of a 1999 conviction would be treated the same as a sentence of probation for the purposes of the federal sentencing guidelines. Mr. Johnson argues that without this misinformation from Mr. Cohen, he would have foregone the plea agreement and proceeded to trial on his indictment.

Criminal defendants are entitled to the assistance of reasonably competent counsel. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). To demonstrate that Mr. Cohen's assistance was ineffective, Mr. Johnson must show that (1) Mr. Cohen's performance fell below an objective standard of reasonableness and (2) but for Mr. Cohen's errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687-88. Scrutiny of counsel's performance is highly deferential; counsel's performance is presumed effective. *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). When a § 2255 petitioner alleges, as does Mr. Johnson, that he only entered a guilty plea because of the incorrect advice of his counsel, he must show that but for that

advice he would have foregone the plea agreement and proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-60 (1985). Mr. Johnson first argues that Mr. Cohen's performance was deficient because Mr. Cohen informed him that the drug quantity and drug type were not elements of his offense that the government had to prove beyond a reasonable doubt. Drug quantity is not an element of 21 U.S.C. § 841, the statute Mr. Johnson was charged under. *United States v. Trennell*, 290 F.3d 881, 887 (7th Cir. 2002). Mr. Johnson argues that *Apprendi v. New Jersey*, 450 U.S. 466 (2000), rendered drug type and quantity elements of a drug offense. *Apprendi* held that drug type and quantity are sentencing factors, not elements of the offense. *See United States v. Adkins*, 274 F.3d 444, 454 (7th Cir. 2002). Before a defendant's sentence may be raised above the statutory maximum for the crime of conviction, drug type and quantity must be "charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.*

The statutory default maximum sentence for Mr. Johnson's offense is 20 years. 21 U.S.C. § 841(b)(1)(C); *Adkins*, 274 F.3d at 454. Mr. Johnson was actually sentenced to 188 months, or 15 years and 8 months. The advice Mr. Johnson received from Mr. Cohen was correct; drug type and quantity were not elements of his offense. The government only needed to prove drug type and quantity beyond a reasonable doubt if it sought to sentence Mr. Johnson to more than the statutory maximum after a jury trial, which it did not.

3

Further, Mr. Johnson waived his right to a jury trial. The facts upon which his sentence was based were not determined by some lesser standard, but by those facts which Mr. Johnson had admitted in his plea agreement.

Mr. Johnson also argues that Mr. Cohen advised him that the criminal history as presented in the government's plea agreement was correct, and that Mr. Johnson was not to be held accountable for a one-level increase in his criminal history for a 1999 conviction that resulted in a sentence of 12 months supervision. Mr. Johnson states that if Mr. Cohen had independently researched the law, rather than relying on the government's information, he would have realized that the sentence of supervision would be treated as one for probation, adding to Mr. Johnson's criminal history.

Counsel's inaccurate prediction of a sentence is not ineffective assistance of counsel. *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999). To rise to the level of constitutionally deficient performance, the inaccurate prediction must be a "gross mischaracterization." *Id.* Mr. Cohen repeatedly argued on Mr. Johnson's behalf that his sentence for supervision should not be treated as one for probation. Mr. Johnson argues that Mr. Cohen should have been aware of Seventh Circuit law equating the two sentences and should have advised Mr. Johnson of the likely effect on his sentencing. *See, e.g., United States v.*

4

*Burke*, 148 F.3d 832, 839 (7th Cir. 1998). Even if Mr. Cohen was unaware of this law prior to Mr. Johnson's guilty plea, this lapse does not rise to the level of a constitutional wrong. *See, e.g., United States v. Teller*, 762 F.2d 569, 577 (7th Cir. 1985) (counsel's failure to distinguish between federal and state jurisdiction did not rise to level of ineffective assistance of counsel).

Furthermore, when he entered his guilty plea, Mr. Johnson engaged in a colloquy with the court, designed to determine that he understood his actions and that his guilty plea was voluntary. The statements made during that colloquy are entitled to a "presumption of verity." *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999). The court enquired whether any promises, outside of the signed plea agreement, had been made to induce Mr. Johnson to plead guilty. He answered "No." The court further enquired whether Mr. Johnson understood his potential sentence, and he answered that he did. He was told that under the terms of the plea agreement, his sentence would be in the guideline range and that I would determine the proper sentence. He said he had read the plea agreement, which specifically stated that he acknowledged that the calculations were preliminary, based on facts known to the government, that the Probation Office would do its own investigation and that my calculation would govern the final sentencing calculation.

As Mr. Johnson does not meet the performance prong of the *Strickland* test, I deny his motion for a new trial.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:   March 15, 2004